**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK**

AMILA ALLARY, EDWARD CHACON,
FRANKLIN FREITA, CARLOS GORDILS,
BREANNA MORELLO, DAVID TERRY and
RACHEL WIND,

               Plaintiffs,

      v.

APPLE FOOD SERVICE OF NEW YORK,
LLC d/b/a APPLEBEE'S,

              Defendant.

Civil Action No. _____

## NOTICE OF REMOVAL

    **PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. § 1332 *et seq.*, Defendant

Apple Food Service of New York, LLC d/b/a Applebee's ("Defendant"), by its attorneys, hereby

removes this action from the Supreme Court of the State of New York, County of Suffolk, Index

No. 604455/2017. In support of this Notice of Removal, Defendant states as follows:

    1.    On or about March 9, 2017, Plaintiffs Camila Allary ("Allary"), Edward Chacon

("Chacon"), Franklin Freita ("Freita"), Carlos Gordils ("Gordils"), Breanna Morello ("Morello"),

David Terry ("Terry"), and Rachel Wind ("Wind") (collectively referred to as "Plaintiffs")

commenced this action against Defendant by filing a civil action complaint in the Supreme Court

of the State of New York, County of Suffolk. The matter was first captioned *Camila Allary,*

*Edward Chacon, Franklin Freita, Carlos Gordils, Breanna Morello, David Terry, and Rachel*

*Wind, on behalf of themselves and on behalf of all those similarly situated v. Doherty*

*Enterprises, Inc. d/b/a Applebee's*, Index Number 604455/2017 (the "Original Complaint").

2.      Pursuant to 28 U.S.C. § 1446, a copy of the Original Complaint is attached to this Notice as Exhibit A.

3.      On March 13, 2017, Defendant was served with the Summons and a copy of the Original Complaint via personal service on the Applebee's restaurant located at 300 Motor Parkway, Brentwood, New York 11717.

4.      On or about March 31, 2017, Plaintiffs filed a First Amended Complaint (the "Amended Complaint"), replacing Doherty Enterprises, Inc. with Apple Food Service of New York, LLC. The matter is now captioned *Camila Allary, Edward Chacon, Franklin Freita, Carlos Gordils, Breanna Morello, David Terry, and Rachel Wind, on behalf of themselves and on behalf of all those similarly situated v. Apple Food Service of New York, LLC d/b/a Applebee's*, Index Number 604455/2017.

5.      Pursuant to 28 U.S.C. § 1446, a copy of the Amended Complaint is attached to this Notice as Exhibit B.

6.      On April 4, 2017, Defendant, by and through its attorney, Dena B. Calo, Esq., accepted service of Plaintiffs' Amended Complaint.

7.      Plaintiffs assert in this one count Amended Complaint that Defendant failed to pay them the statutory minimum wage. Specifically, Plaintiffs allege that Defendant "improperly claimed a tip credit towards its obligation to pay the statutory minimum wage rate to its non-exempt tipped employees by requiring such employees to perform non-tipped tasks for more than twenty percent of their work day, failed to give employees notice of the tip credit clams, and failed to accurately track and record the amount of tips their employees received" in violation of the New York Labor Law. *See* Exhibit B at ¶ 3.

8.      Defendant's Notice of Removal is timely under 28 U.S.C. § 1446(b), as Defendant is serving this Notice within thirty days of receipt of Plaintiffs' initial pleading.

9.      The Supreme Court of the State of New York, County of Suffolk, is located within the Eastern District of New York. Therefore, venue is proper because the action is being removed to the "district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

10.     No previous application has been made for the relief requested herein.

11.     Upon information and belief, Allary is a resident of the County of Suffolk, State of New York. *See* Exhibit B at ¶ 8.

12.     Upon information and belief, Chacon is a resident of the County of Suffolk, State of New York. *See* Exhibit B at ¶ 11.

13.     Upon information and belief, Freita is a resident of the County of Suffolk, State of New York. *See* Exhibit B at ¶ 14.

14.     Upon information and belief, Gordils is a resident of the County of Suffolk, State of New York. *See* Exhibit B at ¶ 17.

15.     Upon information and belief, Morello is a resident of the County of Suffolk, State of New York. *See* Exhibit B at ¶ 20.

16.     Upon information and belief, Terry is a resident of the County of Suffolk, State of New York. *See* Exhibit B at ¶ 23.

17.     Upon information and belief, Wind is a resident of the County of Suffolk, State of New York. *See* Exhibit B at ¶ 26.

18.     Defendant is a domestic limited liability company owned by Edward Doherty and Doherty Family Enterprises Management LLC.

19.    Edward Doherty is a resident of New Jersey.

20.    Doherty Family Enterprises Management LLC is owned in equal parts by the following three asset protection trusts: (1) Timothy Doherty 2012 Nevada Trust; (2) Shannon Portell 2012 Nevada Trust; and (3) Kerry Doherty 2012 Nevada Trust. The Trustee for each of the aforementioned trusts is Christiana Trust, a Division of Wilmington Savings Fund Society, with its regular and principal place of business within the State of Nevada.

21.    Therefore, Defendant is a citizen of New Jersey and Nevada pursuant to L.R. 81.1.

22.    Plaintiffs seek payment of unpaid minimum wages on behalf of themselves and all other similarly situated current and former employees of Defendant and by filing the Amended Complaint has put at issue benefits totaling more than $75,000.00.

23.    This Court has original diversity jurisdiction over this action under 28 U.S.C. § 1332, because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity. As a result, this action is removable pursuant to 28 U.S.C. § 1441.

24.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal, together with a copy of the Notice of Removal, will be filed with the Clerk of the Supreme Court of the State of New York, County of Suffolk.

25.    Written notice of the filing of this Notice will be served on counsel for Plaintiffs, pursuant to 28 U.S.C. § 1446(d).

26.    By removing this action from the Supreme Court of the State of New York, County of Suffolk, Defendant does not waive any available defenses.

27.     By removing this action from the Supreme Court of the State of New York, County of Suffolk, Defendant does not admit any of the allegations in the Amended Complaint.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332 and 1441 *et seq.*, Defendant respectfully requests that Plaintiffs' civil action be removed from the Supreme Court of the State of New York, County of Suffolk, to the United States District Court for the Eastern District of New York.

Respectfully submitted,

*/s/ Dena B. Calo*
Dena B. Calo, Esq.
Gillian A. Cooper, Esq.
Saul Ewing LLP
650 College Road East, Suite 4000
Princeton, New Jersey 08540
P: (609) 452-3100
F: (609) 452-3122
dcalo@saul.com
gcooper@saul.com

New York Office:
555 Fifth Avenue, Suite 1700
New York, New York 10017

*Attorneys for Defendant*
*Apple Food Service of New York, LLC*

Dated: April 11, 2017

-5-

## CERTIFICATION OF SERVICE

I hereby certify that on this date, I caused to be filed, via electronic filing, the following documents with the United States District Court for the Eastern District of New York:

      1.    Notice of Removal to the United States District Court;

      2.    Civil Cover Sheet; and

      3.    This Certification of Service.

I hereby certify that on this date, I caused copies of the foregoing documents to be served via email and Federal Express upon Plaintiffs' counsel:

Peter A. Romero, Esq.
Attorney at Law
103 Cooper Street
Babylon, New York 11702
*Attorney for Plaintiffs*

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*/s/ Dena B. Calo*
Dena B. Calo, Esq.
Gillian A. Cooper, Esq.
Saul Ewing LLP
650 College Road East, Suite 4000
Princeton, New Jersey 08540
P: (609) 452-3100
F: (609) 452-3122
dcalo@saul.com
gcooper@saul.com

New York Office:
555 Fifth Avenue, Suite 1700
New York, New York 10017

*Attorneys for Defendant*
*Apple Food Service of New York, LLC*

Dated: April 11, 2017

# EXHIBIT A

462858

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------------x

CAMILA ALLARY, ET ANO.

Plaintiff/Petitioner,

- against -                                          Index No. 604455/2017

DOHERTY ENTERPRISES, INC. d/b/a APPLEBEE'S

Defendant/Respondent.
-----------------------------------------------------------------------x

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as required by CPLR § 2111 and Uniform Rule § 202.5-bb (mandatory electronic filing). This notice is being served as required by that rule.

NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to electronic filing.

Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out an immediate email notification of the filing.

The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

**Parties represented by an attorney:** An attorney representing a party who is served with this notice must either: 1) immediately record his or her representation within the e-filed matter on the NYSCEF site; or 2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements. [Section 202.5-bb(e)]

**Parties not represented by an attorney: Unrepresented litigants are exempt from e-filing. They can serve and file documents in paper form and must be served with documents in paper form.** However, an unrepresented litigant may participate in e-filing.

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts.gov/efile-unrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated:  March 10, 2017

_____
Signature

Peter A. Romero, Esq.
_____
Name

Law Office of Peter A. Romero PLLC
_____
Firm Name

103 Cooper Street
_____
Address

Babylon, New York 11702
_____

(631) 257-5588
_____
Phone

PRomero@RomeroLawNY.com
_____
E-Mail

To:    DOHERTY ENTERPRISES, INC.

7 Pearl Court
_____

Allendale, New Jersey 07401
_____

9/3/15

Case 2:17-cv-02186-JMA-SIL    Document 1    Filed 04/11/17    Page 10 of 36 PageID #:
10
INDEX NO. 604455/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

--------------------------------------------------------------------X

CAMILA ALLARY, EDWARD CHACON, FRANKLIN
FREITA, CARLOS GORDILS, BREANNA MORELLO,
DAVID TERRY and RACHEL WIND, on behalf of
themselves and on behalf of all those similarly situated,

**SUMMONS**

Plaintiff(s),

-against-

The basis of venue is:
Plaintiffs' residence.

DOHERTY ENTERPRISES, INC. d/b/a APPLEBEE'S,

Defendant(s).

--------------------------------------------------------------------X

**TO THE ABOVE-NAMED DEFENDANTS:**

   **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve

a copy of your answer, or if the complaint is not served with this summons to serve a notice of

appearance, on the Plaintiff's attorney within 20 days after the service of this summons exclusive

of the day of service, where service is made by delivery upon you personally within the state, or

within 30 days after completion of service where service is made in any other manner. In case of

your failure to appear or answer, judgment will be taken against you by default for the relief

demanded in the complaint.

THIS IS A CLASS ACTION LAWSUIT TO RECOVER UNPAID WAGES OWED UNDER
THE NEW YORK LABOR LAW.

Dated: March 9, 2017

LAW OFFICE OF PETER A. ROMERO PLLC
*Attorneys for Plaintiff*

By:

Peter A. Romero, Esq.
103 Cooper Street
Babylon, New York 11702
Tel. (631) 257-5588
promero@romerolawny.com

1

TO:   Doherty Enterprises, Inc.
7 Pearl Court
Allendale, New Jersey 07401

Doherty Enterprises, Inc.
d/b/a Applebee's
300 Motor Parkway
Brentwood, NY 11717

Doherty Enterprises, Inc.
d/b/a Applebee's
2550 Sunrise Highway
East Islip, NY 11730

2

FILED: SUFFOLK COUNTY CLERK 03/09/2017 07:51 PM    INDEX NO. 604455/2017
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 03/09/2017

Peter A. Romero, Esq.
LAW OFFICE OF PETER A. ROMERO PLLC
103 Cooper Street
Babylon, NY 11702
(631) 257-5588
PRomero@RomeroLawNY.com

*Attorneys for Plaintiffs*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------------------------X
CAMILA ALLARY, EDWARD CHACON, FRANKLIN
FREITA, CARLOS GORDILS, BREANNA MORELLO,
DAVID TERRY and RACHEL WIND, on behalf of
themselves and on behalf of all those similarly situated,

                Plaintiff(s),

        -against-              **COMPLAINT**

DOHERTY ENTERPRISES, INC. d/b/a APPLEBEE'S,

                Defendant(s).
------------------------------------------------------------------------X

        Plaintiffs CAMILA ALLARY, EDWARD CHACON, FRANKLIN FREITA, CARLOS

GORDILS, BREANNA MORELLO, DAVID TERRY and RACHEL WIND, on behalf of

themselves and all others similarly situated, by and through their attorneys, hereby file this class

action complaint against Defendant DOHERTY ENTERPRISES, INC. d/b/a APPLEBEE'S

(hereinafter referred to as "APPLEBEE'S") and allege as follows:

        1.      Defendant is engaged in the restaurant business and operates at least ten restaurants

doing business as Applebee's in Suffolk and Nassau Counties.

        2.      The Plaintiffs were hourly paid employees of Defendant who performed non-

exempt duties in Defendant's restaurants.

1

Case 2:17-cv-02186-JMA-SIL   Document 1   Filed 04/11/17   Page 13 of 36 PageID #:
13

3.     Defendant failed to pay Plaintiffs the statutory minimum wage. Specifically, Defendant improperly claimed a tip credit towards its obligation to pay the statutory minimum wage rate to its non-exempt tipped employees by requiring such employees to perform non-tipped tasks for more than twenty percent of their work day, failed to give employees notice of the tip credit claimed, and failed to accurately track and record the amount of tips their employees received. As a result, Defendant paid non-exempt tipped employees less than the minimum wage in violation of the New York Labor Law ("NYLL").

4.     Plaintiffs bring this civil action pursuant to the laws of the State of New York to recover from Defendant unpaid minimum wages, liquidated damages and attorneys' fees and costs on behalf of themselves and all other similarly situated current and former employees of Defendant, pursuant to CPLR §901 et seq.

5.     Defendant is a business corporation with corporate offices located at 7 Pearl Court, Allendale, New Jersey.

6.     Defendant does business in the State of New York as Applebee's with restaurants located at 600-A N. Wellwood Avenue, Lindenhurst; 200 Airport Plaza, Farmingdale; 1251 Deer Park Avenue, N. Babylon; 938 S. Broadway, Hicksville; 2660 Sunrise Highway, Bellmore; 360 Walt Whitman Road, Huntington Station; 1300 Corporate Drive, Westbury; 684 Sunrise Highway, Baldwin; 300 Motor Parkway, Brentwood; and 2550 Sunrise Highway, East Islip, New York.

7.     At all times hereinafter mentioned, Defendant was and still is an "employer" within the meaning of NYLL § 190(3). All of the aforementioned Applebee's locations have common ownership and are controlled by Defendant DOHERTY ENTERPRISES, INC. The corporate Defendant has control over all employment policies and personnel decisions at the Applebee's

2

locations. All employees were paid by the same payroll methods and checks were paid by the same entity.

8. Plaintiff CAMILA ALLARY is a resident of the County of Suffolk, State of New York.

9. At all times relevant to the Complaint, Plaintiff CAMILA ALLARY was an "employee" within the meaning of NYLL § 190(2).

10. Plaintiff CAMILA ALLARY was employed by Defendant at the Brentwood Applebee's from in or about February 2011 to in or about February 2015.

11. Plaintiff EDWARD CHACON is a resident of the County of Suffolk, State of New York.

12. At all times relevant to the Complaint, Plaintiff EDWARD CHACON was an "employee" within the meaning of NYLL § 190(2).

13. Plaintiff EDWARD CHACON was employed by Defendant at the Brentwood Applebee's from in or about February 2009 to in or about 2012.

14. Plaintiff FRANKLIN FREITA is a resident of the County of Suffolk, State of New York.

15. At all times relevant to the Complaint, Plaintiff FRANKLIN FREITA was an "employee" within the meaning of NYLL § 190(2).

16. Plaintiff FRANKLIN FREITA was employed by Defendant at the Brentwood Applebee's from in or about March 2011 to in or about March 2014.

17. Plaintiff CARLOS GORDILS is a resident of the County of Suffolk, State of New York.

3

18.     At all times relevant to the Complaint, Plaintiff CARLOS GORDILS was an "employee" within the meaning of NYLL § 190(2).

19.     Plaintiff CARLOS GORDILS was employed by Defendant at the Brentwood Applebee's from in or about May 2010 to in or about June 2013.

20.     Plaintiff BREANNA MORELLO is a resident of the County of Suffolk, State of New York.

21.     At all times relevant to the Complaint, Plaintiff BREANNA MORELLO was an "employee" within the meaning of NYLL § 190(2).

22.     Plaintiff BREANNA MORELLO was employed by Defendant at the Brentwood Applebee's from in or about February 2012 to in or about March 2014.

23.     Plaintiff DAVID TERRY is a resident of the County of Suffolk, State of New York.

24.     At all times relevant to the Complaint, Plaintiff DAVID TERRY was an "employee" within the meaning of NYLL § 190(2).

25.     Plaintiff DAVID TERRY was employed by Defendant at the East Islip Applebee's from in or about December 2008 to in or about March 2014.

26.     Plaintiff RACHEL WIND is a resident of the County of Suffolk, State of New York.

27.     At all times relevant to the Complaint, Plaintiff RACHEL WIIND was an "employee" within the meaning of NYLL § 190(2).

28.     Plaintiff RACHEL WIND was employed by Defendant at the Brentwood Applebee's from in or about May 2011 to in or about June 2013.

4

FILED: SUFFOLK COUNTY CLERK 03/09/2017 07:51 PM          INDEX NO. 604455/2017
NYSCEF DOC. NO. 1                                         RECEIVED NYSCEF: 03/09/2017

## FACTUAL ALLEGATIONS

29.    Throughout their employment with Defendant, Plaintiffs were required to complete non-tipped "side work" for each shift.

30.    For example, Defendant required Plaintiff CAMILA ALLARY to complete non-tipped "side work" including, but not limited to, preparing the bar for the shift, restocking, cutting fruit, rolling silverware, folding napkins, cleaning tables, breaking down beverage areas, and restocking side stations. On average, Plaintiff CAMILA ALLARY was required to spend two to three hours per shift completing non-tipped side work.

31.    For example, Defendant required Plaintiff EDWARD CHACON to complete non-tipped "side work" before, during and after his shift. This "side work" included, but was not limited to, restocking plates, rolling silverware, folding napkins, cleaning tables, and cleaning and putting away dressings, toppings and condiments.  On average, Plaintiff EDWARD CHACON was required to spend two to three hours per shift completing non-tipped side work.

32.    For example, Defendant required Plaintiff FRANKLIN FREITA to complete non-tipped "side work" before, during and after his shift. This "side work" included, but was not limited to, preparing the bar for the shift, restocking, cutting fruit, rolling silverware, folding napkins, cleaning tables, breaking down beverage areas, restocking side stations.  On average, Plaintiff FRANKLIN FREITA was required to spend two hours per shift completing non-tipped side work.

33.    Defendant required Plaintiff CARLOS GORDILS to complete non-tipped "side work" before, during and after his shift. This "side work" included, but was not limited to, various duties in preparation for his shift, cleaning and vacuuming.  On average, Plaintiff CARLOS GORDILS was required to spend two hours per shift completing non-tipped side work.

34.     Defendant required Plaintiff BREANNA MORELLO to complete non-tipped "side work" including, but not limited to, rolling silverware, cleaning tables in her section, cleaning and putting away dressings, toppings and condiments, sweeping floors, refilling/restocking stations, emptying and putting away dishes and glassware, breaking down beverage stations, cleaning/restocking ice, cups and straws, and closing soup stations.  On average, Plaintiff BREANNA MORELLO was required to spend two to three hours per shift completing non-tipped side work.

35.     Defendant required Plaintiff DAVID TERRY to complete non-tipped "side work" before, during and after his shift.  This "side work" included, but was not limited to, cleaning, breaking down the expo line, cleaning and putting away dressings, toppings and condiments, sweeping, rolling silverware, restocking side stations, cleaning tables and below tables, and taking out trash. On average, Plaintiff DAVID TERRY was required to spend two to three hours per shift completing non-tipped side work.

36.     Defendant required Plaintiff RACHEL WIND to complete non-tipped "side work" including, but not limited to, cleaning tables in her section, cleaning and putting away dressings, toppings and condiments, sweeping floors, refilling/restocking stations, emptying and putting away dishes and glassware, breaking down beverage stations, cleaning/restocking ice, cups and straws, and closing soup stations.  On average, Plaintiff RACHEL WIIND was required to spend two to three hours per shift completing non-tipped side work.

37.     Defendant claimed a tip credit toward its obligation to pay Plaintiffs the statutory minimum wage.

38.     At all relevant times, Defendant paid Plaintiffs and Class Members at hourly rates below the statutory minimum wage.

6

FILED: SUFFOLK COUNTY CLERK 03/09/2017 07:51 PM    INDEX NO. 604455/2017
NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 03/09/2017

39.    Plaintiffs and Class Members did not receive notice that Defendant was claiming a tip credit on tipped employees' compensation. Plaintiffs did not receive notice as to the amount of tip credit allowance taken for each payment period during their employment.

40.    Plaintiffs and Class Members were required to engage 20% or more of their working time in non-tipped related activities unrelated to their primary duties.

41.    Defendant failed to keep track of the amount of tips received daily by Plaintiffs and Class members.

42.    Defendant paid Plaintiffs and Class Members less than the statutorily required minimum wage. Defendant improperly claimed a tip credit toward the minimum wage in that Defendant (i) exceeded the maximum amount of tip credit allowance that could be claimed under the NYLL; (ii) failed to properly provide notice to all tipped employees that Defendant was taking a tip credit, in violation of the NYLL; (iii) failed to provide proper wage statements informing tipped employees of the amount of tip credit taken for each payment period in violation of NYLL; (iv) caused tipped employees to engage in non-tipped duties exceeding 20% of each workday in violation of NYLL; and (v) failed to track the amount of tips received daily in violation of NYLL.

## CLASS ACTION ALLEGATIONS

43.    Plaintiffs bring New York Labor Law claims on behalf of themselves and a class of persons consisting of all tipped employees who are currently, or have been, employed by the Defendant in the State of New York at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

44.    The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendant. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendant's

7

records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under CPLR § 901 et seq.

45.     The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendant, upon information and belief there are over forty (40) individuals who are currently, or have been, employed by the Defendant in tipped positions at any time during the six (6) years prior to the filing of this Complaint.

46.     Defendant has acted and/or has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

47.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   (a)     whether Defendant failed to keep and maintain true and accurate payroll records for all hours worked by Plaintiffs and the Class;

   (b)     whether Defendant's policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law;

   (c)     whether Defendant failed to pay members of the Class less than the minimum wage for regular non-tipped work;

   (d)     whether Defendant required members of the Class to perform regular non-tipped work for more than twenty (20) percent of their work day;

8

(e)     whether Defendant's policies, practices, programs, procedures, protocols, and plans regarding payment of wages complied with law;

(f)     whether Defendant failed and/or refused to pay the Plaintiff and Class Members the minimum wage for all hours worked;

(g)     what was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class; and,

(h)     whether Defendant's general practice of failing and/or refusing to pay the Plaintiff and Class Members the minimum wage was done willfully and/or with reckless disregard of the state wage and hour laws.

48.     Plaintiffs' claims are typical of the claims of the Class that they seek to represent. Plaintiffs and the Class Members work or have worked for Defendant. Defendant failed to pay Plaintiffs and Class Members the minimum wage.

49.     Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiffs and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

50.     Plaintiffs will fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs have retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

9

51.    A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant.

52.    Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

53.    The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

54.    Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

### FIRST CAUSE OF ACTION

55.    Plaintiffs, on behalf of themselves and Class Members, repeat and reallege each

10

Case 2:17-cv-02186-JMA-SIL Document 1 Filed 04/11/17 Page 22 of 36 PageID #: 22

and every allegation contained herein.

56.     Defendant failed to pay Plaintiffs and Class Members the minimum wage for all hours worked in violation of the NYLL.

57.     Defendant's failure to pay Plaintiffs and Class Members the minimum wage was willful.

58.     Plaintiffs and Class Members are entitled to recover from Defendant unpaid minimum wages, liquidated damages, statutory interest, and reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court certify this case as a class action and enter a judgment awarding Plaintiffs and Class Members unpaid minimum wages, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees and costs and such other and further relief as the Court deems just and proper.

Dated: March 9, 2017
       Babylon, New York

                            LAW OFFICE OF PETER A. ROMERO PLLC

                    By:     Peter A. Romero, Esq.
                            103 Cooper Street
                            Babylon, New York 11702
                            (631) 257-5588
                            PRomero@RomeroLawNY.com

                            *Attorneys for Plaintiffs*

11

# EXHIBIT B

NYSCEF DOC. NO. 2

INDEX NO. 604455/2017
RECEIVED NYSCEF: 03/31/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

-----------------------------------------------------------------------X
CAMILA ALLARY, EDWARD CHACON, FRANKLIN
FREITA, CARLOS GORDILS, BREANNA MORELLO,
DAVID TERRY and RACHEL WIND, on behalf of
themselves and on behalf of all those similarly situated,

                    Plaintiff(s),

             -against-

APPLE FOOD SERVICE OF NEW YORK, LLC
d/b/a APPLEBEE'S,

               Defendant(s).
-----------------------------------------------------------------------X

**AMENDED
SUMMONS**

The basis of venue is:
Plaintiffs' residence.

**TO THE ABOVE-NAMED DEFENDANTS:**

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve

a copy of your answer, or if the complaint is not served with this summons to serve a notice of

appearance, on the Plaintiff's attorney within 20 days after the service of this summons exclusive

of the day of service, where service is made by delivery upon you personally within the state, or

within 30 days after completion of service where service is made in any other manner.  In case of

your failure to appear or answer, judgment will be taken against you by default for the relief

demanded in the complaint.

THIS IS A CLASS ACTION LAWSUIT TO RECOVER UNPAID WAGES OWED UNDER
THE NEW YORK LABOR LAW.

Dated: March 31, 2017

                          LAW OFFICE OF PETER A. ROMERO PLLC
                          *Attorneys for Plaintiff*

By:

                          Peter A. Romero, Esq.
                          103 Cooper Street
                          Babylon, New York 11702
                          Tel. (631) 257-5588
                          promero@romerolawny.com

TO:    Apple Food Service of New York, LLC
           d/b/a Applebee's
           300 Motor Parkway
           Brentwood, NY 11717
           c/o Secretary of State

2

Peter A. Romero, Esq.
LAW OFFICE OF PETER A. ROMERO PLLC
103 Cooper Street
Babylon, NY 11702
(631) 257-5588
PRomero@RomeroLawNY.com

*Attorneys for Plaintiffs*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------------X
CAMILA ALLARY, EDWARD CHACON, FRANKLIN
FREITA, CARLOS GORDILS, BREANNA MORELLO,
DAVID TERRY and RACHEL WIND, on behalf of
themselves and on behalf of all those similarly situated,

Plaintiff(s),

**AMENDED**<br>**COMPLAINT**

    -against-

APPLE FOOD SERVICE OF NEW YORK, LLC
d/b/a APPLEBEE'S,

Defendant(s).
-------------------------------------------------------------------X

Plaintiffs CAMILA ALLARY, EDWARD CHACON, FRANKLIN FREITA, CARLOS

GORDILS, BREANNA MORELLO, DAVID TERRY and RACHEL WIND, on behalf of

themselves and all others similarly situated, by and through their attorneys, hereby file this class

action complaint against Defendant APPLE FOOD SERVICE OF NEW YORK, LLC d/b/a

APPLEBEE'S (hereinafter referred to as "APPLEBEE'S") and allege as follows:

1.      Defendant is engaged in the restaurant business and operates at least ten restaurants

doing business as Applebee's in Suffolk and Nassau Counties.

2.      The Plaintiffs were hourly paid employees of Defendant who performed non-

exempt duties in Defendant's restaurants.

1

NYSCEF DOC. NO. 2

INDEX NO. 604455/2017
RECEIVED NYSCEF: 03/31/2017

3.    Defendant failed to pay Plaintiffs the statutory minimum wage. Specifically, Defendant improperly claimed a tip credit towards its obligation to pay the statutory minimum wage rate to its non-exempt tipped employees by requiring such employees to perform non-tipped tasks for more than twenty percent of their work day, failed to give employees notice of the tip credit claimed, and failed to accurately track and record the amount of tips their employees received. As a result, Defendant paid non-exempt tipped employees less than the minimum wage in violation of the New York Labor Law ("NYLL").

4.    Plaintiffs bring this civil action pursuant to the laws of the State of New York to recover from Defendant unpaid minimum wages, liquidated damages and attorneys' fees and costs on behalf of themselves and all other similarly situated current and former employees of Defendant, pursuant to CPLR §901 et seq.

5.    Defendant is a domestic limited liability company organized and existing under the laws of the State of New York.

6.    Defendant does business in the State of New York as Applebee's with restaurants located at 600-A N. Wellwood Avenue, Lindenhurst; 200 Airport Plaza, Farmingdale; 1251 Deer Park Avenue, N. Babylon; 938 S. Broadway, Hicksville; 2660 Sunrise Highway, Bellmore; 360 Walt Whitman Road, Huntington Station; 1300 Corporate Drive, Westbury; 684 Sunrise Highway, Baldwin; 300 Motor Parkway, Brentwood; and 2550 Sunrise Highway, East Islip, New York.

7.    At all times hereinafter mentioned, Defendant was and still is an "employer" within the meaning of NYLL § 190(3). All of the aforementioned Applebee's locations have common ownership and are controlled by Defendant APPLE FOOD SERVICE OF NEW YORK, LLC. The Defendant has control over all employment policies and personnel decisions at the Applebee's

2

locations. All employees were paid by the same payroll methods and checks were paid by the same entity.

8.      Plaintiff CAMILA ALLARY is a resident of the County of Suffolk, State of New York.

9.      At all times relevant to the Complaint, Plaintiff CAMILA ALLARY was an "employee" within the meaning of NYLL § 190(2).

10.     Plaintiff CAMILA ALLARY was employed by Defendant at the Brentwood Applebee's from in or about February 2011 to in or about February 2015.

11.     Plaintiff EDWARD CHACON is a resident of the County of Suffolk, State of New York.

12.     At all times relevant to the Complaint, Plaintiff EDWARD CHACON was an "employee" within the meaning of NYLL § 190(2).

13.     Plaintiff EDWARD CHACON was employed by Defendant at the Brentwood Applebee's from in or about February 2009 to in or about 2012.

14.     Plaintiff FRANKLIN FREITA is a resident of the County of Suffolk, State of New York.

15.     At all times relevant to the Complaint, Plaintiff FRANKLIN FREITA was an "employee" within the meaning of NYLL § 190(2).

16.     Plaintiff FRANKLIN FREITA was employed by Defendant at the Brentwood Applebee's from in or about March 2011 to in or about March 2014.

17.     Plaintiff CARLOS GORDILS is a resident of the County of Suffolk, State of New York.

3

18.     At all times relevant to the Complaint, Plaintiff CARLOS GORDILS was an "employee" within the meaning of NYLL § 190(2).

19.     Plaintiff CARLOS GORDILS was employed by Defendant at the Brentwood Applebee's from in or about May 2010 to in or about June 2013.

20.     Plaintiff BREANNA MORELLO is a resident of the County of Suffolk, State of New York.

21.     At all times relevant to the Complaint, Plaintiff BREANNA MORELLO was an "employee" within the meaning of NYLL § 190(2).

22.     Plaintiff BREANNA MORELLO was employed by Defendant at the Brentwood Applebee's from in or about February 2012 to in or about March 2014.

23.     Plaintiff DAVID TERRY is a resident of the County of Suffolk, State of New York.

24.     At all times relevant to the Complaint, Plaintiff DAVID TERRY was an "employee" within the meaning of NYLL § 190(2).

25.     Plaintiff DAVID TERRY was employed by Defendant at the East Islip Applebee's from in or about December 2008 to in or about March 2014.

26.     Plaintiff RACHEL WIND is a resident of the County of Suffolk, State of New York.

27.     At all times relevant to the Complaint, Plaintiff RACHEL WIIND was an "employee" within the meaning of NYLL § 190(2).

28.     Plaintiff RACHEL WIND was employed by Defendant at the Brentwood Applebee's from in or about May 2011 to in or about June 2013.

4

## FACTUAL ALLEGATIONS

29.    Throughout their employment with Defendant, Plaintiffs were required to complete non-tipped "side work" for each shift.

30.    For example, Defendant required Plaintiff CAMILA ALLARY to complete non-tipped "side work" including, but not limited to, preparing the bar for the shift, restocking, cutting fruit, rolling silverware, folding napkins, cleaning tables, breaking down beverage areas, and restocking side stations.  On average, Plaintiff CAMILA ALLARY was required to spend two to three hours per shift completing non-tipped side work.

31.    For example, Defendant required Plaintiff EDWARD CHACON to complete non-tipped "side work" before, during and after his shift. This "side work" included, but was not limited to, restocking plates, rolling silverware, folding napkins, cleaning tables, and cleaning and putting away dressings, toppings and condiments.  On average, Plaintiff EDWARD CHACON was required to spend two to three hours per shift completing non-tipped side work.

32.    For example, Defendant required Plaintiff FRANKLIN FREITA to complete non-tipped "side work" before, during and after his shift. This "side work" included, but was not limited to, preparing the bar for the shift, restocking, cutting fruit, rolling silverware, folding napkins, cleaning tables, breaking down beverage areas, restocking side stations.   On average, Plaintiff FRANKLIN FREITA was required to spend two hours per shift completing non-tipped side work.

33.    Defendant required Plaintiff CARLOS GORDILS to complete non-tipped "side work" before, during and after his shift.  This "side work" included, but was not limited to, various duties in preparation for his shift, cleaning and vacuuming.  On average, Plaintiff CARLOS GORDILS was required to spend two hours per shift completing non-tipped side work.

5

NYSCEF DOC. NO. 2                                    INDEX NO. 604455/2017
RECEIVED NYSCEF: 03/31/2017

34.     Defendant required Plaintiff BREANNA MORELLO to complete non-tipped "side work" including, but not limited to, rolling silverware, cleaning tables in her section, cleaning and putting away dressings, toppings and condiments, sweeping floors, refilling/restocking stations, emptying and putting away dishes and glassware, breaking down beverage stations, cleaning/restocking ice, cups and straws, and closing soup stations.  On average, Plaintiff BREANNA MORELLO was required to spend two to three hours per shift completing non-tipped side work.

35.     Defendant required Plaintiff DAVID TERRY to complete non-tipped "side work" before, during and after his shift.  This "side work" included, but was not limited to, cleaning, breaking down the expo line, cleaning and putting away dressings, toppings and condiments, sweeping, rolling silverware, restocking side stations, cleaning tables and below tables, and taking out trash.  On average, Plaintiff DAVID TERRY was required to spend two to three hours per shift completing non-tipped side work.

36.     Defendant required Plaintiff RACHEL WIND to complete non-tipped "side work" including, but not limited to, cleaning tables in her section, cleaning and putting away dressings, toppings and condiments, sweeping floors, refilling/restocking stations, emptying and putting away dishes and glassware, breaking down beverage stations, cleaning/restocking ice, cups and straws, and closing soup stations.  On average, Plaintiff RACHEL WIIND was required to spend two to three hours per shift completing non-tipped side work.

37.     Defendant claimed a tip credit toward its obligation to pay Plaintiffs the statutory minimum wage.

38.     At all relevant times, Defendant paid Plaintiffs and Class Members at hourly rates below the statutory minimum wage.

6

39.     Plaintiffs and Class Members did not receive notice that Defendant was claiming a tip credit on tipped employees' compensation. Plaintiffs did not receive notice as to the amount of tip credit allowance taken for each payment period during their employment.

40.     Plaintiffs and Class Members were required to engage 20% or more of their working time in non-tipped related activities unrelated to their primary duties.

41.     Defendant failed to keep track of the amount of tips received daily by Plaintiffs and Class members.

42.     Defendant paid Plaintiffs and Class Members less than the statutorily required minimum wage. Defendant improperly claimed a tip credit toward the minimum wage in that Defendant (i) exceeded the maximum amount of tip credit allowance that could be claimed under the NYLL; (ii) failed to properly provide notice to all tipped employees that Defendant was taking a tip credit, in violation of the NYLL; (iii) failed to provide proper wage statements informing tipped employees of the amount of tip credit taken for each payment period in violation of NYLL; (iv) caused tipped employees to engage in non-tipped duties exceeding 20% of each workday in violation of NYLL; (v) caused tipped employees to engage in non-tipped duties during hours worked in which they were paid at the tipped rate (vi) and failed to track the amount of tips received daily in violation of NYLL.

## CLASS ACTION ALLEGATIONS

43.     Plaintiffs bring New York Labor Law claims on behalf of themselves and a class of persons consisting of all tipped employees who are currently, or have been, employed by the Defendant in the State of New York at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

7

44.     The Class Members are readily ascertainable.  The number and identity of the Class Members are determinable from the records of Defendant.  The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendant's records.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant.  Notice can be provided by means permissible under CPLR § 901 et seq.

45.     The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.  Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendant, upon information and belief there are over forty (40) individuals who are currently, or have been, employed by the Defendant in tipped positions at any time during the six (6) years prior to the filing of this Complaint.

46.     Defendant has acted and/or has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

47.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a)     whether Defendant failed to keep and maintain true and accurate payroll records for all hours worked by Plaintiffs and the Class;

(b)     whether Defendant's policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law;

8

(c)    whether Defendant failed to pay members of the Class less than the minimum wage for regular non-tipped work;

(d)    whether Defendant required members of the Class to perform regular non-tipped work for more than twenty (20) percent of their work day;

(e)    whether Defendant's policies, practices, programs, procedures, protocols, and plans regarding payment of wages complied with law;

(f)    whether Defendant failed and/or refused to pay the Plaintiff and Class Members the minimum wage for all hours worked;

(g)    what was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class; and,

(h)    whether Defendant's general practice of failing and/or refusing to pay the Plaintiff and Class Members the minimum wage was done willfully and/or with reckless disregard of the state wage and hour laws.

48.    Plaintiffs' claims are typical of the claims of the Class that they seek to represent. Plaintiffs and the Class Members work or have worked for Defendant. Defendant failed to pay Plaintiffs and Class Members the minimum wage.

49.    Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiffs and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

9

50.    Plaintiffs will fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs have retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

51.    A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant.

52.    Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

53.    The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

54.    Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class

10

actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

### FIRST CAUSE OF ACTION

55.    Plaintiffs, on behalf of themselves and Class Members, repeat and reallege each and every allegation contained herein.

56.    Defendant failed to pay Plaintiffs and Class Members the minimum wage for all hours worked in violation of the NYLL.

57.    Defendant's failure to pay Plaintiffs and Class Members the minimum wage was willful.

58.    Plaintiffs and Class Members are entitled to recover from Defendant unpaid minimum wages, liquidated damages, statutory interest, and reasonable attorneys' fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court certify this case as a class action and enter a judgment awarding Plaintiffs and Class Members unpaid minimum wages, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees and costs and such other and further relief as the Court deems just and proper.

Dated: March 31, 2017
       Babylon, New York

                                        LAW OFFICE OF PETER A. ROMERO PLLC


                            By:    Peter A. Romero, Esq.
                                   103 Cooper Street
                                   Babylon, New York 11702
                                   (631) 257-5588
                                   PRomero@RomeroLawNY.com

                                   *Attorneys for Plaintiffs*

11